# Keyland v. Keyland.

### *Final Settlement of an Executorship*.

1. *Written affidavit inadmissible without proof of its execution.*—An affidavit containing admissions made by a decedent is not admissible as evidence on the final settlement of his estate, without proof of its execution by the deceased ; and the fact that the affidavit bears the certificate of a notary public of subscription and verification, is not efficacious to make the writing self-proving.

APPEAL from the Probate Court of Mobile.

Heard before the Hon. PRICE WILLIAMS, JR.

On June 1st, 1876, Wm. Keyland executed and delivered to his mother, Sarah McStraffick, the following note :

"$1000.00.                MOBILE, ALA., June 1st, 1876.

On demand we promise to pay to the order of Sarah McStraffick one thousand dollars. Negotiable and payable at Mobile Savings Bank. Value received.

WM. KEYLAND & Co."

On February 3, 1877, said Wm. Keyland also executed and delivered to his mother another note in words and figures as follows :

"MOBILE, ALA., Feb. 3d, 1877.

"One day after date we promise to pay to the order of Sarah McStraffick, two hundred and fifty dollars, at 8 *per cent. per annum* until paid. Value received. Negotiable and payable at Mobile Savings Bank.

WM. KEYLAND & Co."

[Keyland v. Keyland.]

Mrs. Sarah McStraffick, the mother of Wm. Keyland, died leaving her last will and testament, which was duly probated in the probate court of Mobile county on November 7, 1879. The second clause of her said will was as follows: "Second, I give and devise to my son, William Keyland, during his natural life the sum of twelve hundred and fifty ($1250) dollars, for which I now hold his promissory notes for the above amount of money already paid him, and at his death to be paid to his three oldest children by his first wife, Mary Sarah Keyland, now deceased, namely, William Henry Keyland, Thaddeus Romer Keyland, and Clara Mary Keyland, equally share and share alike."

On March 23, 1890, Wm. Keyland died leaving his last will and testament, which was duly probated in the probate court of Mobile county on May 1st, 1890. By his last will and testament Wm. Keyland bequeathed all of his property, after the payment of his debts, to his widow, Elizabeth Keyland, and his children, Reuben Keyland, Wm. H. Keyland, Thaddeus R. Keyland and Clara M. Bowen *nee* Keyland, share and share alike. Under this will Wm. H. Keyland and Thaddeus R. Keyland were appointed the executors. Wm. H. Keyland and Thaddeus R. Keyland, as executors under the will of Wm. Keyland, deceased, filed their account in the probate court of Mobile county for a final settlement of their executorship, on November 10, 1891. In this account they were credited with three credits of $416.66 each, being the amount alleged to have been paid to Wm. H. Keyland and Thaddeus R. Keyland and Clara M. Bowen, respectively, in payment of the above two notes, amounting to $1250, claimed by them as legatees under the will of Sarah McStraffick, deceased. Mrs. Elizabeth Keyland, the widow of Wm. H. Keyland, and Reuben Keyland, the minor child of Wm. Keyland, deceased, and said Elizabeth, filed their exceptions to the allowance of these three credits by the executors on the ground that they were barred by the statute of limitations. On the hearing of the contest, which arose by virtue of these exceptions, the executors introduced in evidence the two notes above copied, and also introduced in evidence the following affidavit: "I, William Keyland, do now state that the note for $1,000, dated June 1st, 1876, payable on demand to Sarah McStraffick at Mobile Savings Bank

[Keyland v. Keyland.]

and signed Wm. Keyland & Co., and also the note for $250, dated February 3d, 1877, payable one day after date, to Sarah McStraffick, payable at Mobile Savings Bank and signed Wm. Keyland & Co., are the notes referred to by my mother, Sarah McStraffick, in the second clause of her will, and which money she loaned and advanced to me in her life time. The notes are in fact my individual notes though signed Wm. Keyland & Co. I had in fact no partner and I only am liable upon said notes.                                Wm. Keyland.

Subscribed and sworn to before me this 9th day of May A. D. 1881.                W. E. Richardson,
Notary Public M. C."

Elizabeth Keyland and Reuben Keyland objected to the introduction of said affidavit on the grounds that it was not self-proving, and also that it was no deposition or affidavit taken in this cause, and that it was irrelevant and illegal. The court overruled said objection, and allowed the said affidavit to be introduced in evidence without any further proof in regard to its execution. To this ruling of the court Elizabeth Keyland and Reuben Keyland duly excepted

The will of Mrs. Sarah McStraffick was introduced in evidence together with an order of the probate court admitting it to probate; and it was also admitted by all of the parties that Wm. H. Keyland, Thaddeus R. Keyland, Clara M. Bowen, Elizabeth Keyland and Reuben Keyland were devisees under the will of Wm. Keyland, deceased, and that each of them had a one-fifth interest in his said estate. This being all of the evidence, the court overruled the objections and exceptions of the said Elizabeth Keyland and Reuben Keyland to the payment of said notes referred to, and decreed that said notes, and each of them, were valid claims against the estate of Wm. Keyland, deceased, and were proper credits on the executors' accounts. Elizabeth Keyland and Reuben Keyland separately and severally excepted to each of these rulings of the court; and on this appeal, prosecuted by them, assign as error these several rulings.

Overall, Bestor & Gray, for appellants.

No counsel marked for appellee.

McCLELLAN, J.—The probate court, in our opinion, erred in admitting in evidence the paper purporting to

be the affidavit of William Keyland, deceased, without proof that he made the same. The facts set forth in the paper were, of course, competent for the purpose of showing that William Keyland accepted the legacy under the will of Mrs. Sarah McStraffick on the terms therein specified, that is, that he accepted the bequest of the money he owed the testatrix for life, and thereby charged his estate with the payment of the amount thereof to the children of his marriage with his first wife; and the contents of the affidavit for this purpose stand upon the footing of admissions made by him. But it was necessary to prove in some way that he made these admissions. The paper without the jurat of the notary public would be as efficacious as it is with it. The facts that it is in form an affidavit purporting to be signed by him and to bear the certificate of a notary of subscription and verification, do not, in other words, change its character as a mere written admission, nor add to its dignity or inherent probative force. The paper is not the foundation of a suit, and hence not within the influence of section 2770 of the Code. As admissions of Keyland, its statements must be proved to have been made by him before they are admissible in evidence. Being written, it was necessary to prove that he signed the writing as a predicate for its admission for any purpose. The court should have excluded it, there being no evidence that he signed the paper or admitted the facts it contains. With it out of the case, the judgment of the probate court can not be sustained. There was no testimony in the case, except this which was improperly in it, going to show that William Keyland accepted the legacy under Mrs. McStraffick's will, and hence no evidence that the debt evidenced by the notes ceased to be a debt simply against which statutes of limitations have operated a bar, and that the amount thereof became a trust fund in the hands of Keyland during his life, with remainder over on his death to certain of his children, thus constituting a charge on his estate in their favor.

The judgment of the probate court must, therefore, be reversed, and the cause will be remanded.

Reversed and remanded.